[No. 2,977.]

NICHOLAS SMITH *v.* JOHN F. PENNY, — THOMPSON, R. T. RUNDLE, AND LAFAYETTE WOODWARD.

INTERVENTION WITHOUT OBJECTION.—If answers of intervention are filed in the Court below, by persons not parties to the record, and the plaintiff makes no objection, but goes to trial, he cannot afterwards raise the objection in the Supreme Court that it was irregular and erroneous to permit them to intervene.

FINDING OF FACTS.—If the finding of facts are silent on certain issues, the presumption is that the finding on those issues was such as to support the judgment.

CAL. REPS. XLIV—21

ESTOPPEL.—The fact alone, that one as the attorney in fact for another, executes to a third person a deed of land, does not constitute an equitable estoppel, so as to prevent the person who thus acted as attorney in fact from afterwards setting up a title to the property acquired by him from the person for whom he acted as attorney in fact, before he executed the deed.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Action of ejectment to recover northern part of block three hundred and eighty-nine of the "Potrero Nuevo," in the City and County of San Francisco.

Thomas Gilmore became the owner of the land in controversy, in virtue of and under the "Van Ness Ordinance," being in the possession of the property by his brother, Samuel Gilmore, at the passage of that ordinance and its subsequent ratification by the Legislature.

On December 21st, 1855, Thomas executed and delivered to Samuel his power of attorney, authorizing and empowering him to "grant, sell, and convey, and to divide and partition," all lands of Thomas in the City and County of San Francisco; and on the following day (December 22d, 1855), he executed and delivered to Samuel a deed of the premises in question.

The power of attorney was recorded January 18th, 1856. The deed to Samuel was not recorded until November 14th, 1857. On March 3d, 1856, Thomas Gilmore, by his attorney in fact, Samuel Gilmore, under the said power of attorney, united with the other owners of the lands of the Potrero, in the execution and delivery of a deed of conveyance to C. K. Garrison, William Sharon, and J. W. Brittain, in trust, to survey and lay out the entire premises into blocks and lots, and sell the same at public auction and make conveyances thereof to the purchasers, the proceeds, above commissions and expenses, to be divided between the parties in interest, according to their respective rights.

The said Trustees made the survey and subdivisions into

blocks and lots, and on May 31st, 1856, advertised the property for sale at public auction, until the 7th day of August, 1856, when they sold the same. On the sale, William A. Conn became the purchaser of the premises in controversy. September 16th, 1864, Conn conveyed the premises to the plaintiff. Samuel Gilmore, during and since the year 1864, made conveyances, embracing the property in question, to defendants Penny and Thompson, from whom Rundle and Woodward purchased after the commencement of the action. Rundle and Woodward appeared and answered after their purchase.

The Court below found that the power of attorney from Thomas Gilmore to Samuel, did not authorize him to execute the deed to Garrison, Brittain, and Sharon, and the same being a trust and not authorized by the power, and that the execution of said deed by Samuel did not operate as an estoppel against him or those claiming under him.

The defendants recovered judgment and the plaintiff appealed.

*I. N. Thorne* and *William Irvine,* for Appellant.

The power to " grant, bargain, sell and convey, divide and partition," authorized the conveyance to the trustees to subdivide and sell and convey the entire tract, and distribute the proceeds to the *cestui que trusts,* according to their several interests, as a partition and division between the common owners.

Upon the point of estoppel, the quality and extent of the power is not in question, because the principal in the power could not be affected by the act of his attorney under it, done after a conveyance of the fee by the principal to the attorney. The estoppel is not applied to Thomas but to Samuel Gilmore, who executed the deed in the name of Thomas, as his principal, when he was in fact the owner of

the title.   And it is that title which he suppressed and concealed that feeds the estoppel.

A party who acts in the name of another, though without right, having at the same time in his own right the power to make the like disposition, binds himself and is afterwards estopped, not by the record, but by the fact.   He merges his own title in the act by which he conveys in the name of another, and that feeds the estoppel. (*Lee* v. *Getty*, 26 Ill. R. 76, 82, 83; *Jackson* v. *Bull*, 1 John. Cases, 91; *Jackson* v. *Stevens*, 16 John. R. 114; *Trapnall* v. *Burton*, 24 Ark. R. 371, 399; *Mills* v. *Graves*, 38 Ill. R. 455; *Storrs et al.* v. *Barker*, 6 John. Ch. R. 166; *Cowen* v. *Collett's Ex'r.*, 16 Ohio St. R. 280; *Reigard* v. *McNeil*, 38 Ill. R. 400; *Cady* v. *Owen*, 34 Vt. R. 598; *Allen* v. *Dewitt*, 3 Comstock's R. 276, per GARDNER, J., 280.)

*Calhoun Benham*, for Respondents.

Intervention cannot be objected to for the first time in the Supreme Court.

Mr. Benham confined his argument beyond this to the point that the deed from Samuel Gilmore as attorney in fact, conveyed no title.

By the Court, RHODES, J.:

The point is presented by the plaintiff, that the Court erred in permitting Rundle & Woodward to intervene and appear in the action as defendants.   The record does not disclose the mode in which they were brought into the action; and even if there had been any irregularities or errors in that respect, the plaintiff cannot now avail himself of them, as the record fails to show that he took any objection to that course of proceeding, or the order or decision of the Court in the matter.   After having gone to trial upon answers filed by the intervenors, without any objection on

his part, it is too late to raise the objection for the first time in this Court.

The principal point on which the plaintiff relies, is that the Court erred in not holding that Samuel Gilmore, under whom the intervenors claim title, was estopped from setting up title to the premises, because at the time when he, as the attorney in fact for Thomas Gilmore, executed the deed to the trustees—under whom the plaintiff claims title—he held the title which Thomas Gilmore held when he executed the power of attorney. The answers of the intervenors consist of general denials and pleas of the Statute of Limitations. The intervenors had judgment, and the appeal is from the judgment alone. The findings are silent upon the issue of the Statute of Limitations; and in accordance with the rule so often announced in respect to implied findings, we are compelled to presume that upon that issue, the Court found for the intervenors.

The same rule obtains in respect to the matter of the estoppel. The fact that Samuel Gilmore held the deed of Thomas Gilmore, at the time when he, as the attorney in fact for Thomas Gilmore, executed to the trustees the deed, is not of itself sufficient to constitute an equitable estoppel as against Samuel Gilmore. In *Biddle Boggs* v. *Merced Mining Company*, 14 Cal. 367, it was held, that in order to apply the principle of equitable estoppel, with respect to the title of property, it must appear—" First, that the party making the admission by his declaration or conduct was apprised of the true state of his own title; second, that he made the admission with the express intention to deceive, or with such carelessness and culpable negligence as to amount to constructive fraud; third, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge; and fourth, that he relied directly upon such admission, and will be injured by allowing its truth to be disproved."

This specification of the facts which are essential to the operation of the estoppel, was approved in *Davis* v. *Davis*, 26 Cal. 23, and in many other cases in this Court, except that in some of the cases the third specification was modified in one particular, it not being deemed requisite that the other party should be shown to be destitute of all *possible* means of knowledge of the true state of the title, but only of convenient or ready means to that end. In this case it is not found that the Trustees, or those for whom they were acting, were ignorant of the true state of the title; but in support of the judgment it will be presumed that the fact was found the other way. Unless they were ignorant of the true state of the title, they are not entitled to the benefit of the alleged estoppel.

Judgment affirmed.