[No. 12019. In Bank.—April 27, 1888.]

W. V. REINHART, APPELLANT, v. A. M. LUGO ET AL., RESPONDENTS.

PARTITION — FINDING CONTRARY TO ADMISSION IN PLEADINGS. — A finding in an action of partition which is contrary to an admission made by the pleadings as to the plaintiff's interest in the lands in question is outside the issue and erroneous, and a judgment based thereon will be reversed.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wicks & Ward*, for Appellant.

*Bicknell & White*, and *Howard & Roberts*, for Respondents.

FOOTE, C.—This is an appeal from a judgment rendered in an action for partition. It comes here upon the judgment roll alone.

The point is made by the appellant that the findings negative certain allegations of the complaint, which are confessed by the failure of some of the parties to the action to answer them.

It is alleged in the complaint that the plaintiff and all the other parties to the action "hold and are in possession, and are the owners and tenants in common," of five certain tracts of land described as A, B, C, D, and E. Several of the defendants, although duly served

with process, did not appear, and a default was taken as to them. The other defendants answered, and denied the allegations of the complaint, so far as any claim was set up in that pleading, to any tenancy in common to the tracts B and C, but they did not deny anything therein stated as to the tracts A, D, and E. Notwithstanding the admission by all the defendants (either by default or failure to deny the allegations of the complaint) as to the tracts of land last mentioned, the trial court found that none of the defendants who made default "has, or at the time of the commencement of this action had, any right or title or interest in or to the lands described in the complaint, or in or to any part thereof." And making a further finding that neither of the defendants who filed answers claimed any interest in the lands mentioned in the complaint, except in the tracts B and C, rendered judgment for the defendants, claiming those last-mentioned tracts, that they were owners in severalty, the "estate of Woodworth, deceased, of the tract B, and P. N. O'Donnell of the tract C; and that the *plaintiff* and none of the co-defendants had at the commencement of or at the time of the rendition of the judgment any right, title, or interest in any of the lands mentioned in the complaint.

If the rule is to prevail which obtains with reference to ordinary actions, it is plain that the findings of the court, being in direct contradiction of the admitted allegations of the complaint, are nugatory in so far as they affect the rights of the appellant in the tracts A, D, and E. (*Burnett* v. *Stearns*, 33 Cal. 469.) And the finding and judgment to that extent, being contrary to the facts admitted by the pleadings and outside of the issues made or tendered, are erroneous. (*Gregory* v. *Nelson*, 41 Cal. 278.)

It was held in *Hughes* v. *Devlin*, 23 Cal. 508, which was an action for partition, where a "fact was averred in the complaint, and not denied in the answer," that it

must be deemed to be admitted as true like any other material fact affecting the rights of the parties, or the form of the remedy to which they might be entitled. This would seem to establish the rule that partition suits, as to the point under discussion, are to be governed by the same rule as ordinary actions.

This must be so, unless it be held that in such actions no finding or judgment predicated thereon will be sustained unless the finding be sustained by evidence irrespective of the allegations of the complaint, whether denied or not,—that is to say, that all parties to such an action are actors and plaintiffs; that each is expected to set up and prove his own claims, but that in no event is the trial court to render a judgment in partition, save upon the proof made before it as to the respective rights of the parties, upon which alone it must base its findings, irrespective of any admissions made by default, or failure to answer, or denials of the allegations in the pleadings.

We have not found any case in our reports which militates against the rule laid down in *Hughes* v. *Devlin, supra,* and therefore we must conclude that the judgment of the court below, in so far as it affects the rights of the appellant to have partition of tracts A, D, and E, must be reversed, and a new trial awarded, the judgment to stand, however, in all other respects.

BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment of the court below, in so far as it affects the rights of the appellant to have partition of tracts A, D, and E, must be reversed, and a new trial awarded, the judgment to stand affirmed in all other respects.