[No. 12525.   In Bank. — June 28, 1888.]

FREDERICK S. GOULD, APPELLANT, v. O. A. STAFFORD, RESPONDENT.

FINDINGS — APPEAL. — The judgment will be reversed on appeal when the findings are not pointed and specific on the issues presented, or where they are contradictory, or in conflict with the admissions of the pleadings. The findings and the evidence should be confined to the issues made by the pleadings.

DIVERSION OF WATERCOURSE — EVIDENCE. — In an action for the diversion of a natural watercourse, evidence that persons other than defendant also diverted water from the stream is admissible only on the question of damages, and not as a defense against an injunction to prevent the diversion. If the claim to damages other than nominal is waived, such evidence is wholly inadmissible.

ID. — RIPARIAN RIGHTS — IRRIGATION. — An upper riparian proprietor has not the right, for purposes of irrigation, to take all the water which flows in the stream at the point of diversion for that purpose. What would be a reasonable amount of water for irrigation is a question depending upon the particular circumstances of each case. The upper riparian proprietor can take all the water of the stream only where the whole is absolutely necessary for strictly domestic purposes, and to furnish drink for man and beast. He cannot irrigate non-riparian lands, and must see to it that all surplus water is returned to the stream.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John J. Boyce,* for Appellant.

*B. F. Thomas,* for Respondent.

McFARLAND, J.—The judgment will have to be reversed because the findings are insufficient. They are not pointed and specific on the issues presented; some of them are contradictory of each other, and some of them are in conflict with the admissions of the pleadings.

As there will probably be another trial of the case, it is proper to notice some of the questions which the court below will again have to consider.

Plaintiff is the owner of land on a natural stream of water called Montecito Creek, and this action is brought to enjoin defendant, an upper riparian proprietor, from diverting water from a main branch of said creek, called Cold Spring branch, at a point a short distance above plaintiff's land, and to recover damages for the diversion.

1. Evidence that persons other than defendant also diverted water from the stream was admissible only on the issue as to the amount of damages. If defendant's diversion of water was wrongful, he could have no defense as against the injunction in the fact that others were guilty of a similar wrong, and evidence offered to prove the latter fact would be irrelevant and inadmissible. And as plaintiff waived all claim to damages (except nominal), we think that it was error to admit evidence of diversions of water by third parties.

2. Assuming that in this state an upper riparian proprietor has the right to use a reasonable amount of the water of a natural stream running through his premises for irrigating his riparian land, still he has not the right, for that purpose, to take all the water which flows in the stream at the point where he diverts it; and if the defendant did (as the evidence tends to show), thus take all the water flowing at the point where it was diverted, his act in so doing was wrongful. What would be a reasonable amount of water for irrigation, is a question that must depend upon the particular circumstances of

each case in which it arises, and it is a question which will often be of difficult solution; but it is clear that in no case can he, for that purpose, as against a lower proprietor, use all the water of the stream. That could be done, if at all, only where the whole of the water was absolutely necessary for strictly domestic purposes, and to furnish drink for man and beast.

3. Whatever may be the right of an upper proprietor to use a part of the water of the stream to irrigate his riparian land, he has no right to take any of it away to other lands not riparian,—which seems to have been done by defendant in this case. Moreover, he must see to it that the surplus after use be returned to the stream, —which it appears was not done in this case.

4. Defendant by his answer admits most of the averments of the complaint, except the wrongfulness of the diversion, the amount diverted, etc., and assumes the responsibility of the diversion, and justifies under his own right. Many of the findings, therefore, as, for instance, the agreement between defendant and one Gutierrez, and the acts of certain Chinamen, which tend to take the responsibility away from defendant, were irrelevant, erroneous, and against the admissions of the answer. The findings and the evidence should be confined to the issues made by the pleadings.

The judgment and order denying a new trial are reversed, and the cause is remanded for a new trial.

THORNTON, J., SEARLS, C. J., SHARPSTEIN, J., and Mc-KINSTRY, J., concurred.

PATERSON, J., concurred in the judgment.