[No. 13889.  Department One. — March 5, 1891.]

# PEDRO ORTEGA, APPELLANT, v. ESTANISLADO S. CORDERO, RESPONDENT.

FINDINGS OUTSIDE THE ISSUES — ADMISSIONS OF PLEADINGS — REVIEW UPON APPEAL. — Findings of fact outside the issues raised by the pleadings, and contrary to their admissions, will be disregarded on appeal from the judgment, where no bill of exceptions appears in the record; and it will not be presumed in such case that evidence was introduced on the trial for the purpose of establishing or rebutting the allegations of the complaint not denied by the answer, or that the case was tried as if the allegations had been denied.

ID. — TRIAL OF ISSUES NOT RAISED — EQUITABLE ESTOPPEL. — The principle of equitable estoppel upon which it is held that objections cannot be urged upon appeal that the findings are outside the issues, where it appears from the record that the parties have actually tried issues not raised by the pleadings without objection, and by tacit consent, as if the issues had been made, can only apply where the record shows that the party against whom the estoppel is invoked consciously participated or acquiesced in the trial of the issue, as if it had been made, and in such manner as may have induced the other party to believe that it had been properly made, or diverted his attention from the fact that it was not made, and from supplying or curing the defect by an amendment of his pleading.

ID. — CONTRACT — ADMISSION OF PLEADINGS — FINDINGS — VARIANCE. — Where the complaint in an action to recover the balance due on the purchase price of certain land alleges an agreement as to the terms of payment, and the answer does not deny or in any way qualify the agreement

88· 221
91  482

88  221
95  547

88  221
118  287

88  221
122  579

88  221
126  632

88  221
135  355

88  221
d137 332

88  221
140  609

alleged, or set up any new agreement, a finding of an agreement of a different date and consideration from that alleged in the complaint will be disregarded on appeal, in the absence of a showing in the record that the parties tried the cause as if the agreement found was put in issue.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion.

*Thomas McNulta*, and *S. W. Bouton*, for Appellant.

*W. C. Stratton*, for Respondent.

VANCLIEF, C. — Action to recover balance of unpaid purchase-money for land sold and conveyed by plaintiff to defendant. Judgment for defendant, from which plaintiff appeals on the judgment roll.

It is alleged in the complaint that on or about November 22, 1888, the plaintiff agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiff, one undivided third part of a tract of land, described in the complaint, containing about one thousand acres, of the value of not less than three thousand three hundred dollars, for the consideration and upon the terms hereinafter stated; that at the date of the said agreement the plaintiff was indebted to various persons in various sums, amounting to about fourteen hundred dollars; "that as part of the consideration for said purchase, defendant agreed to pay off and discharge all of plaintiff's aforesaid indebtedness, amounting to about said sum of fourteen hundred dollars, and for the remainder of said consideration, to pay to plaintiff, over and above said indebtedness, the sum of fifteen hundred dollars, and in earnest of said agreement, said defendant then and there paid plaintiff the sum of twenty-five dollars, part of said fifteen hundred dollars payable to plaintiff under said agreement.

" Plaintiff avers that he has in all respects fully performed on his part all the obligations of the agreement

of purchase and sale above stated; that on or about the twenty-fifth day of January, 1889, he executed, acknowledged, and delivered to said defendant his (plaintiff's) deed, conveying the land above mentioned in accordance with and pursuant to said agreement of sale"; that said deed was a deed of grant, bargain, and sale, and was prepared, as he is informed and believes, under the direction of the defendant, and was recorded by request of the defendant on the day of its date.

" Plaintiff avers that notwithstanding the recital of full payment on said deed, that no part of the said $1,500 due and payable by defendant to plaintiff under the aforesaid agreement of sale and purchase has ever been paid plaintiff, excepting the sum of twenty-five dollars, hereinbefore mentioned, and that the balance of said consideration, to wit, the sum of $1,475, is still due and unpaid to plaintiff from said defendant, who has neglected and refused, and still neglects and refuses, to pay the same, or any portion thereof, although requested to pay said sum."

For want of information or belief, the defendant, in his answer, denied that the value of the land was not less than three thousand three hundred dollars. The answer then proceeds as follows: —

" Denies that the deed mentioned in the amended complaint herein was prepared under direction of defendant.

" Denies that no part of the fifteen hundred dollars due and payable by defendant has ever been paid plaintiff, except the sum of twenty-five dollars, and avers that he has paid to plaintiff the full amount of the purchase price of said land.

" Denies that the sum of $1,475, or any sum, is due or unpaid to plaintiff from defendant.

"Wherefore defendant demands judgment that plaintiff take nothing by this action, and for his costs."

After finding the value of the property to have been

three thousand three hundred dollars at the time of the purchase, and at the time of the trial, as alleged in the complaint, the court made the following findings:—

2. " That on or about the twenty-fifth day of January, 1889, the plaintiff agreed to sell to the defendant, and the defendant agreed to buy of the plaintiff, the plaintiff's one-third interest in said land for the sum of fifteen hundred dollars, and the plaintiff thereupon executed, acknowledged, and delivered to defendant a deed of grant, bargain, and sale, conveying to the defendant his said one-third interest in said land, and the consideration stated in said deed was fifteen hundred dollars.

3. " That the defendant has fully paid to plaintiff said sum of $1,500, and there is no part thereof now due or unpaid; that said sum of $1,500 was paid in the following manner: the defendant liquidated and discharged debts due by plaintiff to various persons, amounting to $1,625, said debts being paid by consent of plaintiff.

4. " That the defendant did not at any time agree to pay or give to plaintiff any consideration other than said sum of fifteen hundred dollars for his said one-third interest in said land.

"As a conclusion of law, from the foregoing facts, the court finds that the defendant is entitled to judgment against the plaintiff, that he takes nothing by this action, and for his costs of suit, and it is ordered that judgment be entered accordingly."

The appellant makes the point that the findings of fact are inconsistent with and contradictory of the facts admitted and established by the pleadings; and this point seems to be well taken.

The agreement as stated in the complaint is not denied or in any way qualified by the answer; nor is any other agreement set up in the answer; yet the fourth finding of fact flatly contradicts a material part of the agreement as alleged in the complaint.

By the agreement established by the pleadings, the

defendant was to pay debts of plaintiff amounting to fourteen hundred dollars, and in addition thereto, was to pay directly to plaintiff fifteen hundred dollars; but the fourth finding, read in connection with the third, is, that defendant never agreed to pay any other consideration for the conveyance than to pay debts of plaintiff amounting to fifteen hundred dollars. This contradicts the admitted allegation of the complaint, that the defendant agreed to pay directly to plaintiff fifteen hundred dollars in addition to the payment of fourteen hundred dollars to plaintiff's creditors.

So far as the second finding sets forth an agreement of a different date and consideration from that alleged in the complaint, it is entirely outside of the issues made by the pleadings. The agreement to convey for a consideration of fifteen hundred dollars, referred to in the second finding, seems to have been inferred from the recital of that consideration in the deed of January 25th, executed in pursuance of the agreement alleged in the complaint. But no such inference was justifiable, since it was averred in the complaint, and not denied in the answer, that the deed did not recite the full consideration.

In *Burnett* v. *Stearns*, 33 Cal. 469, it is said: " The findings should be confined to the facts in issue. The province of the court in respect to facts is to determine, but not raise, issues. It is insisted, on the other side, that it will be presumed the court found the fact in question from competent evidence. The answer is, it would not be presumed that evidence was introduced to contradict the admission of record." This case is emphatically affirmed in *Gregory* v. *Nelson*, 41 Cal. 279, where, among other things, it is said: "This court cannot presume that the trial court required or permitted evidence to be introduced on the trial for the purpose of establishing or rebutting allegations of the complaint not denied by the answer; nor can it be presumed that

LXXXVIII. CAL.—15

any evidence was received by the trial court, except such as was pertinent to the issues made or tendered by the pleadings, and evidence tending to rebut such legitimate evidence." To the same effect are the following cases: *Hicks* v. *Murray*, 43 Cal. 515; *Bradley* v. *Cronise*, 46 Cal. 287; *Estate of McKinley*, 49 Cal. 152; *McDonald* v. *Homestead Ass'n*, 51 Cal. 210; *Hill* v. *Den*, 54 Cal. 20; *Tracy* v. *Craig*, 55 Cal. 91; *Silvey* v. *Neary*, 59 Cal. 97; *Campe* v. *Lassen*, 67 Cal. 139.

In *In the Matter of the Estate of Doyle*, 73 Cal. 570, the court, by Mr. Justice McKinstry, said: "When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as 'found.' . . . . If the court does find adversely to the admission, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. . . . . In such case the facts alleged must be assumed to exist. Any finding adverse to the admitted facts drops from the record, and any legal conclusion which is not upheld by the admitted facts is erroneous." (See also *Reinhart* v. *Lugo*, 75 Cal. 639, and *Gould* v. *Stafford*, 77 Cal. 66.)

The class of cases cited by counsel for respondent, such as *White* v. *San Rafael etc. R. R. Co.*, 50 Cal. 417, *Tevis* v. *Hicks*, 41 Cal. 123, *Smith* v. *Penny*, 44 Cal. 161, and *Horton* v. *Dominguez*, 68 Cal. 642, has no proper application to the facts of this case. In that class of cases it appears of record that the parties have actually tried issues outside of the pleadings without objection, and by tacit consent, as if the issues had been made by the pleadings, and under such circumstances that if one party had objected the other might have supplied or cured the defect by amendment of his pleading, or otherwise mitigated the effect of the objection. The principle upon which these decisions rest is that of equitable estoppel; it being held that a party who acquiesces

and participates in the trial of an issue without objection, as if it arose from the pleadings, when he might have objected on the ground that the issue was not made by the pleadings in the trial court, where the objection might have been met by amendment of the pleadings or otherwise, so that it would have operated less injuriously on the other party than if first made on appeal, has thereby waived the objection and misled the other party to understand that the issue was properly made, and therefore should not be heard to make it on appeal.

To justify this application of the principle of estoppel it should appear, from the record on appeal, among the other elements of an estoppel, that the issue was actually and intentionally tried by the introduction of pertinent evidence, and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as if the issue had been made by the pleadings, and in such manner as may have induced the other party to believe that the issue had been properly made, or diverted his attention from the fact that it was not made by the pleadings.

It would seem that some of the decisions in the class of cases under consideration have gone to the verge of the province of waivers and equitable estoppels, and press to encroach upon the domain of the law of pleading and evidence, particularly sections 462, 588, 589, and 590 of the Code of Civil Procedure. Section 590 provides: "An issue of fact arises,— 1. Upon a material allegation in the complaint controverted by the answer"; and section 462 provides: "Every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken to be true."

It is not within the discretionary power of any court to dispense with these provisions, yet they are not violated by a decision of the appellate court that a party,

by his conduct at the trial, is estopped from asserting, on appeal, for the first time, that a fact found by the trial court was not within the issues made by the pleading, since such a decision assumes that the fact found was within the issues, and its propriety can be questioned only upon the ground that the facts of record are insufficient to create the alleged estoppel. Doubtless the facts should be of a nature and effect similar to those required to effect an estoppel *in pais* in other cases; but upon a superficial view, there is a seeming conflict in the cases as to how the facts shall be made to appear. Must the conduct of the party which estops him positively appear upon the record? or may it be presumed for the mere purpose of upholding the decision of the trial court? We have seen that the cases of *Burnett* v. *Stearns*, 33 Cal. 469, *Gregory* v. *Nelson*, 41 Cal. 279, and *In re Doyle*, 73 Cal. 570, are expressly opposed to any such presumption; but in the case of *Horton* v. *Dominguez*, 68 Cal. 642, cited by respondent, there is a *dictum*, at least, in favor of such a presumption. In this last case it was conceded that the agreement pleaded and relied upon by the defendant in his cross-complaint was void, but the court found a subsequent agreement, which was not pleaded, which is fully set out in the finding, and in accordance with which judgment was rendered. This court, by Mr. Justice Thornton, said: "It is objected that the finding is not within the issues. As the record shows nothing to the contrary, we must presume that testimony was introduced to establish the facts found by this finding. It does not appear that any objection was made by the plaintiff to the evidence, that it was inadmissible under the pleadings as not being within the issues joined. As the record stands, it appears that the cause was tried as if the agreement found was put in issue. Under such circumstances, we cannot permit the objection to be now made that this finding is of matters outside of the issues joined in the

cause.    It should not be permitted that the plaintiff should allow the cause to be tried as if issues are regularly joined, and when the result is a judgment adverse to his claims, urge in this court that no such issue was made in the court below."

This case is not fully reported.  By referring to the original record, it will be seen that the subsequent agreement was (imperfectly) pleaded, and that the judgment roll contains a bill of exceptions showing that testimony sufficient to justify the finding of the subsequent agreement was introduced by the defendant without objection, on the ground that the subsequent agreement was not pleaded.  Therefore there was no occasion or room for a presumption that " testimony was introduced to establish the facts found " by the finding set out in the opinion as to the subsequent agreement.  Further on, the learned justice says: " As the record stands, *it appears* that the cause was tried as if the agreement found was put in issue."  This must be understood as referring to the evidence contained in the bill of exceptions.  So understood, it shows that the learned justice did not rely upon any presumption to establish the fact that testimony was introduced, without objection, to prove the subsequent agreement on which the judgment rested.

In the judgment roll of the case at bar there is no bill of exceptions, nor anything to show that any evidence was introduced tending to prove a subsequent or other contract than that alleged in the complaint and not denied in the answer, or tending to show, contrary to the admission of the pleadings, that the deed of January 25, 1889, from plaintiff to defendant, correctly recited the full consideration for the conveyance.

Perhaps the plea of payment, in the absence of a special demurrer, sufficiently tendered an issue as to payment; but the findings show that the only payment by defendant was $1,500, made by liquidating and discharging debts due by plaintiff to various persons,

amounting to $1,625, by consent of plaintiff; thus leaving a balance of the contract price due the plaintiff of at least $1,375.

I think the judgment should be reversed, and the cause remanded for a new trial, with leave to the parties to amend their pleadings if they so desire.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial, with leave to the parties to amend their pleadings if they so desire.