[Sac. No. 1817. In Bank.—July 11, 1910.]

## MAY M. ROBINSON, Appellant, v: J. L. ROBINSON, Respondent.

DIVORCE—APPEAL BY WIFE—FAILURE TO FILE TRANSCRIPT IN TIME—MOTION TO DISMISS—EXCUSE—INABILITY TO OBTAIN NECESSARY MEANS.—Upon appeal by a wife from a judgment of divorce in favor of the husband, and from an order denying her motion for a new trial, where it appears that, before the settlement of the bill of exceptions, the trial court allowed her one hundred dollars for printing the transcript and briefs, but that, in view of the length of the settled bill of exceptions, that sum was insufficient to pay for printing the transcript, that she had no other means, and had diligently sought to obtain adequate means from her husband without avail, such showing is a sufficient answer to a motion by her husband, as respondent, to dismiss the appeal for failure to file the printed transcript within the time provided by rule II.

ID.—GOOD CAUSE FOR FAILURE TO COMPLY WITH RULE.—Good cause for failure to comply with the provisions of our rule in regard to the filing of the transcript on appeal, is always a sufficient answer to a motion to dismiss the appeal, based on the ground of such failure.

MOTION to dismiss an appeal from a judgment of the Superior Court of Kings County, and from an order denying a new trial. J. G. Covert, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, for Appellant.

E. T. Cosper, for Respondent.

ANGELLOTTI, J.—This is a motion to dismiss an appeal taken by the plaintiff from a judgment in favor of defendant in an action brought by plaintiff to obtain a divorce. The ground of the motion is that appellant has failed to serve and file her printed transcript of the record within the time allowed by rule II of this court, [144 Cal. xl, 78 Pac. vii], or at all. The appeal from the judgment was perfected November 17, 1908, but under the rule, by reason of the pendency of a motion for new trial, notice of which was given prior to perfecting the appeal from the judgment, the time

for serving and filing the transcript did not begin to run until the disposition of such motion, which occurred on December 10, 1909. Under the rule appellant had forty days from the last-named date in which to serve and file the transcript, —viz.: to and including January 19, 1910. The notice of motion to dismiss the appeal was given on February 5, 1910, at which time no transcript had been served or filed, and none has since been served or filed.

The answer of appellant to this motion is the absolute inability on her part thus far to procure the money necessary for the printing of this transcript, despite her diligent effort to obtain the same from the respondent. The case being one in which the wife being without the necessary means the husband may be called upon to pay such money as is reasonably necessary to present her appeal to this court, the facts shown on this motion to dismiss are such as to warrant us in holding her answer to the motion good. The case is one in which the trial court has decided that the plaintiff must have money from the respondent in order to print her transcript, having allowed her, long prior to the settlement of the bill of exceptions, the sum of one hundred dollars for the printing of transcript and points and authorities. It is quite clearly made to appear that the bill of exceptions as subsequently settled is of such length that the amount so allowed is entirely inadequate for the printing of the transcript alone, and that the doing of such printing cannot be obtained unless she is afforded further aid by respondent. Appellant makes a satisfactory showing of diligence as to her endeavors to secure the money necessary. In January, 1910, she gave notice of a motion to be made in the superior court on February 7, 1910, for an order requiring respondent to pay her the additional sum deemed necessary. The superior court denied her motion to the extent of refusing to award her effectual relief, making only an order for a sum contended to be inadequate, and deferring the payment thereof until the transcript is printed. This order is appealable, and it is not questioned that appellant is in good faith proceeding with an appeal therefrom. It is impossible to determine the merits of the appeal from this order on this motion. We are of the opinion that the appeal from the judgment should not be dismissed pending the decision or other disposition of the appeal from

the order. The ultimate question involved on the appeal from the order is whether the respondent should be required to pay additional money for the purpose of enabling the defendant to present the record required on her appeal from the judgment and thus have that appeal determined on its merits. Until that question is finally determined her appeal from the judgment should be retained, so that if it be finally determined that respondent must pay the money necessary to enable appellant to present her appeal to this court, she will still have the opportunity of so presenting it. Good cause for failure to comply with the provisions of our rule in regard to the filing of the transcript on appeal is always a sufficient answer to a motion to dismiss the appeal based on the ground of such failure, and we are of the opinion that it should be held that good cause is sufficiently shown here.

The motion to dismiss the appeal from the judgment is denied.

Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.