[L. A. No. 6405. In Bank.—March 10. 1922.]

## LOU M. SACRE, Respondent, v. J. C. CHALUPNIK et al., Appellants.

[1] FINDINGS—PLEADINGS—ADMISSIONS.—When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as found.

[2] EJECTMENT—ENTRY AND OUSTER—MISTAKE IN STIPULATION—ADMISSIONS OF PLEADING.—In an action in ejectment, a finding embodying a stipulation of fact that the date of ouster was after the commencement of the suit, which stipulation was apparently the result of a mistake in dictation or transcribing, is irrelevant and may be disregarded, where the answer and cross-complaint of the defendants admit the ouster to have been prior to the commencement of the suit.

[3] ID. — PUBLIC LANDS — UNITED STATES RECEIVER'S CERTIFICATE — TITLE.—A United States receiver's final certificate showing payment for government land is *prima facie* evidence of ownership, and is a "certificate of purchase," within the meaning of section 1925 of the Code of Civil Procedure, and the owner of such certificate is in a position to initiate and maintain an action in ejectment.

[4] ID.—RENTAL VALUE—STIPULATION—EVIDENCE.—Where the parties in such a case entered into a stipulation with reference to the rental value of the land upon the first submission of the case, after which the court intimated that the action should abate pending the termination of proceedings in the United States land office, which was several years before the date of the final trial, and the record does not disclose any understanding that the parties contemplated that no judgment would be entered on the first submission, or that the case would be reopened under changed conditions several years later and then be submitted on the same stipulation of facts without further agreement thereto, there was no error in taking testimony as to the rental value of the lands during the several years constituting the period of the ouster and in fixing and determining the damages according to such evidence.

[5] ID. — TITLE — PLEADING — SUPPLEMENTAL COMPLAINT.—In such a case, where the equitable claim of the plaintiff to the land in litigation under the final receipt from the receiver of the land office ripened into full title, freed from all claim of the defendants, by reason of the successful termination of proceedings in the United States land office and her acquisition of the patent, after the commencement of the action, it was proper that she should submit such matters in confirmation of her title to the consideration of the court by means of a supplemental complaint.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Riddle & Cheroske, Sebald L. Cheroske and W: J. Tremeear for Appellants.

Conkling & Brown and C. L. Brown for Respondent.

WASTE, J.—In this action in ejectment the plaintiff had judgment for restitution of the property, with damages for the withholding of the same, and the defendants have appealed. One of the points strongly relied on for a reversal is that by reason of a finding of the trial court as to the date of the entry, and ouster, by the defendants, which is in accord with a purported stipulation of fact, the plaintiff failed to establish the right to maintain the action, and as a consequence the judgment is unsupported by the findings and is against law. Another contention relates to the construction and effect to be given to a stipulation in the agreed statement of fact relating to the rental value of the land. The action of the trial court in permitting plaintiff to file an amended and supplemental complaint is also challenged. Unless we may disregard the finding as to the date of the entry on the land by the defendants, the judgment lacks the necessary support, and must be reversed, for the reason that the time of the ouster is therein found to have occurred long after the suit was instituted. Consequently, if the finding shall control, no cause of action is found to have existed in plaintiff, as against these appellants, at the inception of the action.

The original complaint was filed on November 4, 1915. It was therein alleged that while plaintiff was the owner and entitled to the possession of the land, defendants within the three years preceding entered thereupon and ousted plaintiff, and ever since had continued to, and then were withholding possession without right. Defendant J. C. Chalupnik by his answer denied the allegation of the complaint and asserted title and right of possession in the defendant Emma C. Chalupnik. In the separate answer of Emma C. Chalupnik she admitted that she entered upon

the premises within the three years preceding, denied any unlawful withholding, and alleged "that on or about the second day of December, 1914, the plaintiff did temporarily oust and eject this defendant from said premises and withheld possession thereof from this defendant until possession thereof was restored by a judgment of this court; that since the possession of said premises was restored to this defendant by the judgment of this court, this defendant has withheld, and does now withhold said premises from the possession of said plaintiff; that such withholding by this defendant has been by virtue of the said judgment." By way of a further and separate answer and cross-complaint, defendant Emma C. Chalupnik alleged that under an application to file a desert land entry upon the land in question, made in January, 1913, she had entered upon, and into possession thereof, and for more than two years preceding the commencement of this action had been in peaceable, quiet, and undisturbed possession of the same "except for the period from about the second day of December, 1914, to the —— June, 1915, during which period the plaintiff was in the unlawful possession of said premises, as decided by judgment of the above-entitled court, in Case No. 2105, which judgment was made and entered on or about the *third day of June, 1915.*" (The italics are ours.) Certain additional averments, attributing fraud to plaintiff and Fred E. Meyers in connection with the claim of plaintiff to the land, and setting forth the pendency of a contest in the United States land office between the parties concerning the title to the land, are contained in this pleading, which was filed November 23, 1915. These allegations were repeated in an amended and supplemental answer and cross-complaint filed by said Emma C. Chalupnik on June 27, 1916. The date (June 3, 1915) and the substance of the judgment under which the defendant asserted her right to possession were particularly pleaded. It was therein further alleged that the contest in the United States land office had been decided adversely to said defendant, and that an appeal had been taken by her to the commissioner of the general land office. The prayer was for judgment in defendant's favor or that the action be abated until the final determination of the contest in the land office.

The plaintiff amended her complaint, and did not deny the date of the judgment and re-entry as alleged by the defendant. The case was submitted upon the pleadings and a stipulation of fact dictated in open court to the court reporter. On August 25, 1916, the court, by a minute order, directed that judgment in abatement and for costs be awarded defendant, but no such or any judgment was entered at that time.

The contest in the land office resulted in a decision in favor of the plaintiff, and a patent to the land was issued to her July 10, 1918. She thereupon moved the court to reopen the case and to be allowed to file a supplemental complaint, setting up said fact in confirmation of her title, and further showing the accrued rental value of the land during the whole period of defendant's unlawful withholding. This motion was granted. The supplemental complaint was filed and the demurrer of the defendants thereto was overruled. The defendants declined to answer, but moved to strike the pleading from the files upon the ground that a judgment in abatement had theretofore been entered, which, not having been appealed from, had become final. The motion was denied and the default of the defendants for not answering the supplemental complaint was duly entered. Thereupon the action proceeded to trial upon evidence as to the rental value of the property and the stipulation of facts, as to other matters, entered into upon the occasion of the former submission. The trial court found title and right of possession in plaintiff, but that on June 3, *1916* (the italics are ours), the defendant Emma C. Chalupnik unlawfully entered upon the premises and ousted plaintiff therefrom, and had ever since unlawfully withheld possession. The rental value of the land was fixed and judgment for possession and the amount of damages suffered by reason of the withholding was entered for plaintiff. It is from said judgment that this appeal is prosecuted by the defendants.

The action was commenced November 4, 1915, and the appellants contend that the plaintiff failed utterly to establish her right to maintain ejectment, and is concluded by the finding of the trial court that the defendants entered on the premises and ousted plaintiff on June 3, *1916,* which was after suit brought. That finding rests upon a statement

in the stipulation of facts. Respondent asserts that the date "June 3, 1916," in the stipulation, was an error, either of transcribing or dictation. Appellants do not controvert this assertion, and make no attempt to show that the stipulation was in fact correct as to the date of the re-entry—the sufficient reason being that they cannot do so, as abundantly appears from the record.

The correct date of the ouster, June 3, 1915, affirmatively appears from the allegations and admissions in the answer and cross-complaint of the defendants. In every one of these several pleadings—and all, with one exception, were filed before June 3, *1916*—the defendants admitted they were in possession of the land, and rested their right of such possession upon the judgment of, June 3, *1915*. There was no denial of this admission and averment. The issue as to actual possession of the land at the time of the commencement of the action was thus closed. [1] When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as "found." It has been repeatedly held that the court need not expressly find a fact averred in the pleading of one party, and not denied by the other. (*In re Estate of Doyle,* 73 Cal. 564, 570 [15 Pac. 125].) Here we have an even stronger reason for invoking the rule, for the fact of the entry and ouster of plaintiff, by the defendants, before the commencement of the action, and the unbroken continuance to that time, as pleaded by plaintiff, is expressly admitted by the various pleadings of the defendants, who seek to justify under a judgment already rendered, the precise date of which is fixed, and which of necessity must have been rendered before the defendants could set it up as a justification of the admitted re-entry upon the land. [2] The finding, which implies an ouster at a date one year later than that admitted by the defendants, was irrelevant and aside from the concluded issue on that point, and may be disregarded as nugatory (*Gould* v. *Stafford,* 77 Cal. 66, 68 [18 Pac. 879]; *Reinhart* v. *Lugo,* 75 Cal. 639, 640 [18 Pac. 112]; *Ortega* v. *Cordero,* 88 Cal. 221, 226 [26 Pac. 80]). It is so apparent that the stipulation of fact, embodied in the finding, that the date of re-entry by the defendants occurred in 1916 instead of 1915, when it did actually take place, was the

result of a mistake in dictation or transcribing, that we are not impressed with the effort of the appellants to profit by it.

[3] The finding that ever since March 10, 1915, plaintiff has been the owner and entitled to the possession of the land is amply supported. On that date she obtained the United States receiver's certificate showing payment for the land. Her final receipt was *prima facie* evidence of ownership, and was a "certificate of purchase" within the meaning of section 1925 of the Code of Civil Procedure. She was, therefore, in position to initiate and maintain the action in ejectment. (*Graves* v. *Hebbron*, 125 Cal. 400, 405 [58 Pac. 12]; *Witcher* v. *Conklin*, 84 Cal. 499, 502 [24 Pac. 302]; *McDonald* v. *Edmonds*, 44 Cal. 328; *Thompson* v. *Basler*, 148 Cal. 646–648 [113 Am. St. Rep. 321, 84 Pac. 161].) When the action finally came on for trial she had obtained the United States patent to the land, and, not having parted with her title, was the owner in fee.

[4] When the case was first submitted, prior to the intimation by the trial court that the action should abate pending the termination of proceedings in the United States land. office, the parties entered into a stipulation reading "the rental value of said land is the sum of four dollars per acre per annum." When the action came on finally for trial, over the objection of the appellants, the court took testimony as to the rental value of the land during the several years constituting the period of the ouster, and fixed and determined the damages according to such evidence. Appellants insist that the plaintiff and the court were bound by the original stipulation of fact, and that it was error to determine the amount of damages on any other basis than the amount of the rental value fixed by the agreed statement. We are not impressed with appellants' contention. The stipulation was entered into at the time of the first submission, which was several years before the date of the final trial. The position of respondent that it was made only in anticipation of any judgment that might be rendered at that time, and also for the purpose of determining the amount of the bond in event of an appeal from any such judgment, seems a most reasonable one. The trial court took that view and admitted the offered testimony. Rental value of land does not always remain at the same figure. It is hardly to be supposed that

the parties contemplated that no judgment would be entered upon the first submission, or that the case would be reopened under changed conditions several years later, and then be submitted on the same stipulation of facts, without further agreement thereto. The record discloses no such understanding. There was an offer on the part of respondent to resubmit the question of damages on the agreed statement, in so far as it related to the particular date when the stipulation was entered into. Appellants refused to so stipulate, and insisted that the figure of four dollars per acre per year should be held to cover the rental value of the land for the whole period. The parties not being able to agree, the court proceeded to take the testimony on that subject, from which it arrived at the amount of damages suffered by the respondent. We find no error in this proceeding.

[5] Appellants complain of the action of the court in permitting plaintiff to reopen the case and to file the supplemental complaint. The equitable claim of the plaintiff to the land in litigation, under the final receipt from the receiver of the land office, ripened into full title, freed from all claim of the defendants, by reason of the successful termination of the proceedings in the United States land office and her acquisition of the patent, after the commencement of the action. It was proper, therefore, that she should submit such matters in confirmation of her title to the consideration of the court by means of a supplemental pleading. (Code Civ. Proc., sec. 464; *Metropolis etc. Bank* v. *Barnet*, 165 Cal. 449, 453 [132 Pac. 833].)

Other points urged on the appeal are more or less germane to the questions already decided and require no further consideration.

The judgment is affirmed.

Shaw, C. J., Lawlor, J., Wilbur, J., Shurtleff, J., Sloane, J., and Richards, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices concurred.