JOHN R. McHARG, as Executor, etc., Appellant, v. T. H. PICKFORD et al., Respondents.

[1] ACCOUNTING—PLEADING—INSUFFICIENT DENIALS—TRIAL—APPEAL—ESTOPPEL.—In an action for an accounting of an alleged partnership, where the answers contain numerous negative pregnants and denials in the conjunctive, but no objection is made to such pleadings and the case is tried as though the allegations of the complaint are put in issue, and evidence in support of such allegations is introduced by plaintiff and evidence in opposition thereto is introduced by defendant without objection, the plaintiff is estopped on appeal to assert that the allegations of the complaint are admitted by the answers.

[2] ID.—FINDINGS—APPEAL—PRESUMPTION.—The findings in such action should be definite upon each and every matter in issue between the parties; but where the findings do not find upon the ultimate facts set forth in the complaint, but are, in effect, conclusions of law, the appellate court must indulge in every presumption in favor of the judgment for defendants and assume that

1. See 21 Cal. Jur. 272.
2. See 2 Cal. Jur. 873.

if additional findings had been made they would have been in favor
of the defendants upon the conflicting evidence which appears in
the record.

[3] ID. — JOINT ADVENTURE — EVIDENCE — FINDINGS. — Where the trial
court, in order to reach its findings and conclusion in favor of
the defendants in such action, must have accepted the defendants'
account of the matter, and such account was equally inconsistent
with a joint adventure in which plaintiff had a share as it is
with the theory of a copartnership, there is no merit in plain-
tiff's contention on appeal that he was entitled to relief if the
evidence shows a joint adventure, and that specific findings should
have been made upon the facts which would determine the existence
of this status.

(1) 4 C. J., p. 703, n. 75.   (2) 4 C. J., p. 731, n. 81, p. 778, n. 75.
(3) 33 C. J., p. 871, n. 21.

APPEAL from a judgment of the Superior Court of
Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

McComb & Hall for Appellant.

John Henderson Pelletier and John C. Kleber for Re-
spondents.

LANGDON, P. J.—This is an action for an accounting of
an alleged partnership business. After the trial of the ac-
tion the plaintiff died and the executor of his last will and
testament has been substituted in the record in his place
and stead. The original plaintiff, after alleging that he
and the defendants were partners in the business of buy-
ing and selling real property in Los Angeles, described
certain parcels of land and alleged that they were purchased
by the partnership after the last accounting between the
parties. These parcels are designated as A, B, and C. It
is alleged in the complaint that the defendants have filed
actions against the plaintiff with reference to the first two
parcels, to recover plaintiff's *pro rata* share of amounts paid
by defendants in discharging mortgages; that the defendants
received and accepted on behalf of and for the benefit of
said partnership a deed to parcel C and, thereafter, with-

out the knowledge or consent of plaintiff, sold said parcel to third parties and received therefor a sum in excess of its cost to the said partnership and have failed and refused to render an account of said transaction to plaintiff.

Plaintiff alleges that an accounting is necessary between the parties and prays that the court so order and that the partnership be dissolved.

[1]  The defendants by their several answers clearly were attempting to deny each and every allegation of the complaint.  Their attempts violated the rules of logic and of pleading, the answer containing numerous negatives pregnant and denials in the conjunctive.  At the trial plaintiff relied upon this, insisting that the substantial allegations of the complaint had been admitted.  The trial court allowed an amended answer to be filed, over the protest of the plaintiff, but even after attention had been focused upon the fallacies of their pleadings, defendants filed amended answers which only partially corrected the errors of the original answers.

While realizing that there is small excuse indeed for these fundamental and repeated breaches of well-settled rules, nevertheless we are disposed to consider cases on their merits and to avoid, if possible, reversing judgments upon technicalities.  That course is open to us here, we think, because the defendants made no further objection to the pleadings, but tried the case as though all the allegations of the complaint had been put in issue by the answers.  Evidence in support of such allegations was introduced by plaintiff and evidence in opposition thereto was introduced by defendants without objection.

The trial court found that the parties were never copartners and that they never, as a partnership, purchased any property in the city and county of Los Angeles, or elsewhere, and that defendants never received a deed to any property for and on behalf of or for the benefit of plaintiff and defendants.

Appellant now contends that the allegations of the complaint are admitted by the answers, which objection, we think, he is estopped to assert here, for the reasons above stated.  (*White* v. *San Rafael etc. R. R. Co.,* 50 Cal. 417; *Tevis* v. *Hicks,* 41 Cal. 123; *Smith* v. *Penny,* 44 Cal. 161;

*Horton* v. *Dominguez,* 68 Cal. 642 [10 Pac. 186].) The case relied upon by appellant upon this phase of the case (*Ortega* v. *Cordero,* 88 Cal. 221 [26 Pac. 80] is clearly differentiable from the authorities cited and from the case at bar. The important distinction is mentioned in the case itself in the following language: "In the judgment-roll of the case at bar there is no bill of exceptions, nor anything to show that any evidence was introduced tending to prove a subsequent or other contract than that alleged in the complaint and not denied in the answer, or tending to show, contrary to the admission of the pleadings, that the deed of January 25, 1889, from plaintiff to defendant, correctly recited the full consideration for the conveyance."

[2] Appellant further contends that the findings are insufficient in that they do not find upon the ultimate facts set forth in the complaint, but are, in effect, conclusions of law. The findings are subject to the objection made to them and it is certainly desirable to have them more definite upon each and every matter in issue between the parties. However, we must indulge in every presumption in favor of the judgment and assume that if additional findings had been made they would have been in favor of the defendants upon the conflicting evidence which appears in the record. (*Smith* v. *Penny, supra.*)

[3] Appellant also contends that even though the evidence shows no partnership, the plaintiff is entitled to relief if the evidence shows a joint venture, and that specific findings should have been made upon facts which would determine the existence of this status. It is urged that the finding that no partnership existed is not inconsistent with the existence of a joint venture. As we have said, the findings should have been more specific, but it is clear from an examination of the transcript that the court could not have found as it did and reached the conclusion evidenced by its judgment unless it accepted the evidence of the defendants as true and rejected the testimony of the plaintiff as to his interest in parcel C described in the complaint. According to the evidence of defendants, plaintiff had no interest whatsoever in the property in question at the time it was sold. According to all the testimony in the record, he had never invested any money at all in it. His claim is merely that defendant Vardaman paid for a two-thirds

interest in the property and agreed to ''carry'' plaintiff for a half interest in said two-thirds interest. The testimony offered by the defendants is to the effect that when the property was purchased plaintiff was given the privilege of buying a one-third interest in it, as he had done in other transactions, but that plaintiff did not care for unimproved property and never invested any money in it, and that it was finally understood that he had no interest in this venture, but that it would be financed and owned by the defendants alone.

It becomes apparent, therefore, that in order to reach its findings and conclusion, the court must have accepted the defendants' account of the matter, and such account is equally inconsistent with a joint venture in which plaintiff had a share as it is with the theory of a copartnership.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.