[Civ. No. 5895.  Second Appellate District, Division Two.—October 3, 1930.]

P. E. BRAZIL, Respondent, v. PACIFIC AMERICAN PETROLEUM COMPANY (a Copartnership) et al., Defendants; JOHN O. HALEY, Appellant.

Edward Winterer, Winterer & Ritchie and Winterer, Combs & Ritchie for Appellant.

J. H. Van Law and A. G. Mac Robie for Respondent.

SCHMIDT, J., *pro tem.*—Plaintiff brought action in the lower court on an alleged "agreement in writing" (pleading the contract in substance and not *in haec verba*) against the defendant Pacific American Petroleum Company, it being alleged that same was a copartnership composed of John O. Haley and C. R. Haley, and against the two Haleys individually.  Defendant John O. Haley answered, claim-

ing that he was the sole owner of the Pacific American Petroleum Company. No service was had upon defendant C. R. Haley. The case went to trial upon the complaint and answer of John O. Haley.

The evidence in the case shows that the alleged agreement was executed on behalf of the Pacific American Petroleum Company by C. R. Haley and not by John O. Haley. The evidence further shows and the court found that the defendant John O. Haley, during all of the times mentioned in the complaint, conducted and carried on business under the name and style of Pacific American Petroleum Company. In order to prove the alleged contract plaintiff was permitted in the lower court to show what acts had been done by the defendant John O. Haley, this over the objection of defendant John O. Haley, it being urged that before ratification of a contract can be proved by acts of the person to be charged there must be a showing, first, that the person to be charged had knowledge of the contract, and secondly, that the person signing the agreement had either actual or ostensible authority to sign for the principal.

The record is entirely void of any evidence, first, that the defendant John O. Haley had actual knowledge of the contract permitted to be introduced in evidence by plaintiff, and secondly, of any authority whatsoever on the part of C. R. Haley to execute a contract for John O. Haley or for the Pacific American Petroleum Company. Under this state of the evidence the motion for nonsuit by the defendant John O. Haley on these grounds should have been granted. Furthermore, the contract introduced in evidence is not the contract alleged in the complaint. No request to amend having been made, the motion for nonsuit on the ground of material variance should have been granted. (*Ortega* v. *Cordero,* 88 Cal. 227 [26 Pac. 80]; *Riverside Water Co.* v. *Gage,* 108 Cal. 240 [41 Pac. 229].)

In view of this conclusion no other points need be discussed.

Judgment reversed and cause remanded to the lower court with directions to grant the motion for nonsuit and enter judgment accordingly.

Works, P. J., and Craig, J., concurred.