[Civ. No. 4645. Third Appellate District.—May 2, 1932.]

JOHN GRAY, Appellant, v. G. H. HECKE et al.,
Respondents.

John Gray, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, Jess Hession, Deputy
Attorney-General, Charles A. Bliss, Earl Warren, District
Attorney (Alameda County), James H. Oakley, Deputy
District Attorney, Guard C. Darrah, District Attorney
(San Joaquin County), and Daniel V. Marceau, Deputy
District Attorney, for Respondents.

ANDERSON, J., *pro tem.*—This is an application on the
part of respondents by motion to dismiss the appeal from
the judgment therein and also dismiss the appeal from the
order granting a new trial, on the following grounds:

The notice of appeal from the judgment was filed February 6, 1931, and the bill of exceptions therein December 6,
1931. The notice of appeal from the order granting new
trial was filed April 10, 1931, and the bill of exceptions

thereon filed December 28, 1931; more than thirty days have elapsed since filing of said appeal and no transcript has been filed in the appellate court.

The authorities submitted in support of said motion are: 2 California Jurisprudence, page 757, and it is further contended that the appellant, in his appeal record, has violated rule VIII of the appellate court, and this is supported by the case of *Thos. J. Haverly Co.* v. *Pacific Indemnity Co.,* *(Cal. App.) 4 Pac. (2d) 214.

In response to the motion to dismiss, appellant cites authorities in which the Supreme Court and appellate courts have excused the delay in some instances, to wit: *Gould* v. *Stafford,* 77 Cal. 64 [18 Pac. 879]; *Robinson* v. *Robinson,* 158 Cal. 117 [110 Pac. 112]; *Grant* v. *Lamori,* 71 Cal. 329 [12 Pac. 238]; *Chapman* v. *Bank,* 88 Cal. 419 [26 Pac. 608].

We have examined these authorities but fail to see where they meet the situation here and fail to see where further delay can help the situation here. The trial court has granted the motion for a new trial and has refused to certify the record on appeal in order to complete the record, and the court has given the very sufficient reason for refusing to do so, that the court reporter who made the phonographic record is deceased and he did not transcribe his record, but the attorney refused to stipulate as to the record, and the judge who tried the case has certified that he has not sufficient memory to recall the proof made.

It thus appears to be a physical impossibility to proceed.

We feel that any further continuance could avail nothing and that there is nothing to do but to grant the motion.

The motion is granted, appeals dismissed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 1, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1932.

---

*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Thos. J. Haverty Co.* v. *Pacific Indemnity Co.,* on December 3, 1931. The final opinion of the Supreme Court, filed May 27, 1932, is reported in 215 Cal. 555 [11 Pac. (2d) 864].