[No. 2,012.]

41　123
88　226

# LLOYD TEVIS v. WILLIAM HICKS, H. C. SWAIN, D. O. MILLS, EDGAR MILLS, HENRY MILLER, and JAMES LANSING.

Testimony, when part of the res gestæ.—In an action by the creditor of the husband to set aside a deed of gift made by a third person to the wife, on the ground that the land was purchased with the husband's money, and that the deed to the wife was a fraud, on the evidence of conversations at the time of the creditor sale, between the grantor and one who negotiated the sale, are admissible as a part of the *res gestæ*.

Idem.—The admissibility of such testimony does not depend on the question whether the conversation was brought home to the husband, as it does not affect him unless the negotiator was his agent.

Idem.—In such action, evidence of a sale of land, held by an agent of the debtor in trust for him, is not admissible unless averred in the complaint.

Evidence to Correspond with Allegations.—Where a party in an action to set aside a sale as fraudulent, pleads that he was indebted to the person to whom the sale was made, in consideration of which he delivered property in litigation to that person, evidence that the indebtedness was to the wife of the person designated is inadmissible.

Facts Admitted in Pleadings.—The question as to what facts are admitted by the pleadings is one for the Court and not for the jury; and the Court should not submit such a question to a jury.

Idem—Allegation not Denied.—In a case where a fact is alleged in the complaint and not denied in the answer, the jury should be instructed that the fact is admitted in the pleadings.

Verdict Inconsistent with Pleadings.—The jury have no right to find a fact in favor of a party which is contrary to or inconsistent with the pleadings.

Motion for Judgment on Pleadings.—If the allegations of the complaint are not denied in the answer, the plaintiff, if he desires judgment on the pleadings, should move for it before introducing evidence to support the complaint.

Fraud in Insolvent Proceedings.—In an action to set aside a discharge in insolvency, because fraudulently obtained, a verdict, which finds that the insolvent did not turn over all his property to his assignee, does not necessarily establish that the property was fraudulently or purposely omitted from the schedule.

Appeal from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action brought in October, 1867, to set aside an alleged fraudulent conveyance of twelve hundred and eighty sheep from William Hicks to H. C. Swain, and of some horses, cattle, and hogs to D. O. Mills & Co., and to set aside as fraudulent and void a discharge in insolvency granted by the County Court of Sacramento County to William Hicks, in May, 1867.

The complaint alleged that the sheep, which were claimed by Swain, a stepson of Hicks, as a gift from Hicks, were conveyed by Hicks when he was insolvent, and without consideration, Swain being largely indebted to Hicks. In his answer, Hicks denied that Swain was ever indebted to him; averred that he was indebted to Swain in the sum of one thousand six hundred and seventy-five dollars, and that the sheep were delivered in payment of that indebtedness; but he did not deny that the delivery was made when he was insolvent.

The complaint also averred that in June, 1866, the defendant Hicks purchased a tract of land from one Bandeen, for six hundred dollars, and caused it to be conveyed by deed of gift to his wife, in order to conceal it from his creditors. On the trial, Bandeen was called as a witness to show what took place at the time of the conveyance, and his testimony was, on defendant's objection, ruled out by the Court as hearsay.

Another averment in the complaint was that Hicks, at the time he applied for a decree of insolvency, was in possession of eight hundred and twenty acres of valuable swamp lands, obtained by entries in the names of other parties; that he had five thousand dollars in money; and that he did not include this property in his schedule of indebtedness. A witness was introduced at the trial to prove the sale of the land for the benefit of Hicks, shortly before he applied for a discharge from his debts; and the testimony was ruled

out because the matter had not been alleged in the complaint.

The following instructions to the jury, asked by the plaintiff, were refused by the Court:

First—That all the material allegations of the complaint, not denied by the answer, must be considered by you as true, irrespective of the question whether they are sustained by the evidence or disproved.

Third—That the transfer of the sheep from Hicks to Swain was a mere colorable contrivance, to enable said Hicks to secrete the same from his creditors.

The jury found a verdict in favor of Hicks and D. O. Mills & Co. as against the charge of fraud, and found specially that Swain was entitled to five hundred and fifty-seven of the sheep, and that the plaintiff was entitled to the remainder—seven hundred and twenty-three. The plaintiff appealed, asking a new trial as to D. O. Mills & Co., and also asking that the Court below be directed to enter a decree declaring the discharge of Hicks in insolvency void.

The other facts are stated in the opinion.

*George Cadwalader,* for the Appellant, argued that what passed between Spaulding and Bandeen relative to the deed of gift to Mrs. Hicks was a part of the *res gestæ,* and no rule of law made it hearsay, or required the calling of Spaulding. The plaintiff was trying to establish the allegation of the complaint, that the purchase was made by Hicks, through Spaulding. Hicks made Spaulding his agent for the purpose of completing the purchase of the two hundred acres of land. The conveyance took the form of a deed of gift; the consideration, love and affection. He also argued that the Court should have permitted plaintiff to show the sale of the swamp lands before Hicks applied for a discharge in insolvency.

*Coffroth & Spaulding,* for the Respondents, argued that the testimony of Bandeen, in regard to the conversation between himself and Spaulding, concerning the deed of gift, was irrelevant, for the reason that Spaulding was not proved to be the agent or attorney of Hicks at the time the deed of gift was made. They argued, further, that Spaulding's testimony relative to the proceeds of the sale of the swamp lands, was inadmissible, because the fact proposed to be proved had not been alleged in the complaint.

By the Court, Rhodes, C. J.:

I see no valid objection to the question asked of Bandeen, as to what passed between him and Spaulding, in respect to the sale and conveyance of the land, about which the witness was testifying. The complaint charged that Hicks bargained for the land, paid the purchase money, and caused it to be conveyed to his wife by a deed of gift. It was shown that the land was conveyed by a deed of gift to Mrs. Hicks; that the purchase was negotiated by Spaulding, at his office, and that Hicks was present a portion of the time pending the negotiation. The answer to the question asked of the witness would show what took place at the time of the sale and conveyance; and the general rule is that such matters are admissible as a part of the *res gestæ.* Their admissibility does not depend on the question whether they were brought home to Hicks. If he did not know, or, knowing, did not assent to, what was said or done at that transaction, the evidence would not affect him, unless Spaulding was, in fact, his agent.

Second—The plaintiff's second point is not well taken. The matter to which the inquiry related was not averred in the complaint.

Third—The Court should have excluded the testimony of Hicks, to the effect that his indebtedness, in consideration

of which the sheep were delivered, was to Mrs. Swain, instead of Mr. Swain, her husband; because it is averred, in the answer of Hicks and of Swain, that Hicks was indebted, in a specified amount, to Swain.

Fourth—The first instruction requested by the plaintiff was properly refused, for it, in effect, submitted to the jury the question as to what facts were admitted by the pleadings. That question is for the Court.

Fifth—The plaintiff's third instruction should have been given, for the fact therein stated was expressly alleged in the complaint, and was not specifically denied in the answer of Hicks or Swain. The jury should be instructed, in such case, that the fact mentioned in the instruction was admitted by the pleadings. The oral instruction given by the Court, when refusing to give that instruction, is erroneous in one particular. The jury were instructed that they might consider the testimony in respect to the sheep, in connection with the pleadings, and that if they believed the pleadings were erroneous in that regard—that Hicks did actually surrender all his property to his assignee in insolvency—they might "give him the benefit of it." The jury have no right to find a fact in favor of a party, which is contrary to, or inconsistent with, his pleadings. If a pleading does not correctly state the facts, application should be made to amend.

Sixth—The plaintiff's eighth instruction is only a repetition of facts stated in the complaint, and not denied in the answers. It should have been given, together with the statement, that those facts were admitted by the pleadings. These remarks are applicable to certain other of the instructions requested by the plaintiff, which need not be particularly noticed. It is sufficiently indicated by what has already been said that several of the denials in the answer of Hicks, are not specific, within the meaning of the code.

The record does not disclose any error materially affecting the judgment in favor of D. O. Mills & Co.

Seventh—The plaintiff renews here the motion, made after judgment in the Court below, for a judgment, declaring the discharge in insolvency of Hicks void. The motion was heard on the pleadings and verdict. Several of the material allegations of the complaint are not sufficiently denied in the answer of Hicks; but neither the plaintiff nor the Court below treated the facts which were stated in those allegations as admitted, and the plaintiff adduced evidence to prove them. Had the opposite course been taken, Hicks doubtless would have asked leave to amend his answer. The verdict, by finding for the plaintiff as to a certain number of the sheep, determines that Hicks did not surrender all his property to his assignee; but it does not necessarily establish that the property was fraudulently or purposely omitted from his schedule. Under these circumstances, the motion was properly denied. The plaintiff should not have delayed the making of the motion, until after the cause had proceeded to such a stage, that Hicks could not amend his answer when its defects were pointed out.

Judgment as to D. O. Mills, Edgar Mills, and Henry Miller affirmed, and the judgment in favor of the defendants, Hicks and Lansing, reversed, and cause remanded for a new trial.

Mr. Justice SPRAGUE expressed no opinion.