SANTIAGO, DEMANDANTE Y APELANTE, *v.* CABÁN, DEMANDADA Y APELADA.

Apelación procedente de la Corte de Distrito de Aguadilla en causa sobre divorcio.

No. 1324.—Resuelto en febrero 14, 1916.

TRASLADO DE PLEITOS—RESOLUCIONES APELABLES—APELACIÓN CONTRA LA SENTENCIA.—Siendo una orden decretando el traslado de un pleito a otro distrito apelable de acuerdo con el artículo 295, No. 3, del Código de Enjuiciamiento Civil, no puede considerarse esa cuestión en un recurso de apelación contra la sentencia por prohibirlo expresamente el artículo 305 del mismo código.

CONTESTACIÓN A LA DEMANDA — NEGACIONES ESPECÍFICAS — ELIMINACIÓN DE LA CONTESTACIÓN.—Cuando la contestación está redactada conteniendo solo nega-

ciones específicas, y no afirmaciones, de acuerdo con el artículo 110, No. 2,
del Código de Enjuiciamiento Civil, no es error el negar su eliminación.

DIVORCIO—ABANDONO—MATERIA NUEVA DE DEFENSA—ELIMINACIÓN.—No comete
error una corte en pleito de divorcio al negarse a eliminar materia nueva de
defensa contenida en la contestación que tiene por objeto demostrar que en
cierta fecha la demandada no regresó al domicilio conyugal porque el deman-
dante se lo impidió con amenazas.

TESTIGOS—CREDIBILIDAD DE LOS TESTIGOS—PREJUICIO.—El hecho de que se hu-
biera dado crédito a los testigos de una parte cuando no eran dignos de ello
según la manera de ver las cosas el apelante, no demuestra por sí solo pre-
juicio por parte del juez sentenciador.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Ramón Freyre.*

Abogados de la apelada: *Sres. Juan García Ducós y Juan
B. Soto.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del
tribunal.

Angel Santiago Vélez presentó demanda de divorcio en
el Tribunal de Distrito de Mayagüez contra su esposa María
Onocífera Cabán, quien solicitó y obtuvo que el pleito fuera
trasladado al Tribunal de Distrito de Aguadilla, donde se
celebró el juicio y se dictó sentencia declarando sin lugar
la demanda y de ella apeló el demandante.

El primer motivo que alega el apelante como fundamento
para que revoquemos la sentencia apelada es que el Juez de
Distrito de Mayagüez cometió error al decretar el traslado
del pleito al Tribunal de Distrito de Aguadilla; pero noso-
tros no podemos considerar tal cuestión en este recurso de
apelación contra la sentencia, porque el artículo 305 del Có-
digo de Enjuiciamiento Civil expresamente prohibe que en
una apelación contra la sentencia se revisen resoluciones o
providencias contra las cuales pudo haberse interpuesto re-
curso de apelación, y la orden decretando el traslado era ape-
lable de acuerdo con el artículo 295, número 3°., del mismo
código.

Como segundo motivo para la revocación se alega que el
tribunal inferior cometió error al negar la petición del ape-
lante de que se eliminaran ciertos particulares de la contes-

tación de la demandada y la materia nueva de defensa que adujo en oposición a la demanda.

Si bien la demanda alega dos causas para el divorcio y la petición de eliminación abarcaba la contestación a esas dos causas, sin embargo, como el apelante limitó en el juicio su demanda a la causa de abandono por parte de su esposa y renunció expresamente la otra causa, debemos considerar únicamente si hubo el error que se alega por no haber ordenado el tribunal la eliminación de la contestación en cuanto a la causa de abandono.

El apelante alega en su demanda respecto a esta causa de acción, que su esposa "sin causa ni motivo justificado alguno, abandonó el hogar del demandante, en el pueblo de San Sebastián, P. R., el día 15 de marzo de 1913, habiéndose negado esta demandada a volver al hogar conyugal a pesar de las gestiones hechas por el demandante en este sentido, y al abandonar la demandada al demandante, abandonó asimismo a los cuatro hijos mayores procreados en dicho matrimonio, los que, como se ha alegado anteriormente, permanecen bajo la protección, y desde entonces, del demandante en este caso." Algo más, que no es necesario transcribir, contiene esa alegación, la que estando jurada, fué contestada por la demandada así: "Que niega absoluta y específicamente todo lo expuesto en la demanda como segunda causa de acción del demandante, pues es completamente incierto que la aquí demandada, sin causa ni motivo justificado alguno abandonara el hogar del demandante en el pueblo de San Sebastián, P. R., el día 15 de marzo de 1913 . * * *." Esta alegación continúa reproduciendo casi las mismas palabras de la alegación que contesta, aunque en forma negativa.

Tal como está redactado este particular de la contestación, no podemos convenir con el apelante en que contiene afirmaciones y negaciones. Sólo contiene negaciones y las estimamos suficientes porque específicamente van negando todos los hechos en la forma en que el demandante los expone en apoyo de su causa de acción, de tal manera, que por virtud de esa

negativa surge entre las partes la cuestión de hecho de si es cierto o nó que la demandada abandonó el hogar conyugal voluntariamente y que no quería regresar a él por su voluntad. Esa contestación cumple con el artículo 110, numero 2°., del Código de Enjuiciamiento Civil de ser específica en sus negaciones, y no hubo error al negar su eliminación.

En cuanto a la materia nueva de defensa, alegada por la demandada, tampoco hubo error en no ordenar su eliminación, pues tenía por objeto poder demostrar que si el 15 de marzo de 1915 no regresó al domicilio conyugal fué porque el demandante se lo impidió con amenazas.

El último motivo que se alega para la revocación es que la sentencia es contraria a la prueba y que ésta fué apreciada con perjuicio por el tribunal. Respecto de este último extremo, no encontramos en la transcripción nada que nos demuestre tal prejuicio, el que parece que deduce el apelante del hecho de haber dado la corte inferior crédito a los testigos de la demandada, porque no eran dignos de crédito, según su manera de ver las cosas.

Para poder decidir si la sentencia es contraria a la prueba hemos examinado detenidamente la que se presentó en el tribunal inferior, que está reproducida en la transcripción de los autos, y hemos llegado a la conclusión de que fué contradictoria en el particular de si la esposa no regresó al hogar conyugal el día 15 de marzo de 1913 por su voluntad o debido a las amenazas de su esposo, conflicto que la corte resolvió en contra del apelante, sin que tengamos motivo para decidir de otra manera.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.