RAFAEL DÁVILA DÍAZ, Plaintiff and Appellant, *v.* RAIMUNDO BALET PUIG, substituted by GLORIA FUXÁ ET AL., Defendants and Appellees.

No. 7464. Argued February 24, 1938.—Decided July 13, 1938.

*A. L. López* for appellant. *José C. Rivera Morales* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

By deed executed in Cagüas on the 28th of December, 1927, for the recited sum of $2,100, Rafael Dávila Díaz, complainant in the suit before us, assigned to Raimundo Balet Puig two mortgage credits ceded to said Díaz, where the mortgage debtors were Jesús Dávila and his wife. The complainant in said deed states that he had received the aforesaid amount prior to the execution of said deed.

The complainant went on to say that despite the recital of having received said sum, in reality he never did; that he and his brother Emilio Dávila, in the year 1927–28, planted tobacco in Vega Alta, and that the partnership Balet y

Recondo of said city, agreed verbally to give the complainant and his brother a crop loan on said tobacco; that Raimundo Balet was at that time one of the managers of said partnership and required surety for the crop loan above mentioned; that Raimundo Balet agreed to make said crop loan with the guaranty of the aforesaid mortgage credits, and to comply with this agreement said mortgage credits were assigned to Mr. Balet for value received; that the final liquidation of said crop loan was made and showed a balance in favor of the brothers Dávila; that with the same guaranty, the said partnership made another crop loan to the brothers Dávila in the year 1928–29; that said tobacco was delivered to said partnership and sold by the same without the consent of the brothers Dávila; that after being sold, the partnership sent the brothers an account which showed a balance against them, but the account was not accepted by said brothers; that the complainant did not owe defendant any money and that without a due liquidation of the account for the crop loan of 1928–29 said defendant foreclosed on the two mortgage credits and had the mortgaged property adjudicated to himself; that the defendant in said adjudication reduced the sum of the mortgage credits; that the mortgage debtors, Jesús Dávila and wife, had never made any payment of capital or interest on said credits, and that when said defendant alleged that his credit was in the sum of $1,350 instead of $2,100, he made said allegation under the supposition that the complainant was his debtor, which was not true.

The defendant accepted the allegations of the complaint except in so far as they referred to the fact of the price of the assignments not having been delivered. He also denied all the allegations of the complaint in regard to the crop loans. As a special defense he alleged that the complainant borrowed sums of money from him, Raimundo Balet, and that towards the end of the year 1927, the complainant owed the defendant $1,800, and that in liquidating their

accounts they then agreed to the assignment of the two mortgage credits in payment of said sum; that the remainder of the amount of the mortgage credits, to wit, the sum of $300, was delivered by the defendant to the complainant on the same day that the deed of assignment was executed in Caguas and before same was signed; that the property object of the mortgage credits had another mortgage credit which was foreclosed and the property adjudicated to Buibal & Matanzo, who later sold said property to Marcos Reyes Vergara; that said Marcos Reyes Vergara made certain payments to Raimundo Balet to be credited to the mortgage credit which had been assigned to him by the complainant; that he applied said payments to the first mortgage credit; that the assignments of the mortgage credits to Raimundo Balet were made by the complainant with the only purpose of mantaining his personal credit with the former; that the partnership Balet y Recondo had nothing whatever to do with the assignment of the mortgage credits made between the complainant and Raimundo Balet.

The complainant testified in the district court more or less supporting his allegations. The defendant did likewise. The district court in its opinion found that the complainant had not satisfactorily proven his case and, therefore, dismissed the complaint. The original defendant, Raimundo Balet Puig, died on the 1st of March, 1936, and his heirs, composed of his widow Gloria Fuxá and his children Raimundo and Pedro Balet Fuxá were substituted as parties defendant by order of the district court. The complainant appealed from the holding of the district court and alleged two errors, as follows:

"1. That the district court erred in not holding that the answer admitted all the essential allegations of the complaint, and

"2. That the district court erred in holding that the proof supported the new matter (*defensas especiales*) alleged by the defendant."

To support his first error appellant alleged that defendant in his answer used negative pregnants to deny the averments of the complaint, thereby admitting them. Accepting as a fact, merely for the purposes of the discussion of this error, that the defendant's answer did contain negative pregnants, we find, however, that said answer also contained new matter, alleged as special defenses against the complaint.

In a case somewhat similar to the present one—*Berríos v. Garáu,* 46 P.R.R. 773—this court stated as follows:

" . . . the plaintiff moved the court to render judgment in his favor relying on sections 110 and 113 of the Code of Civil Procedure and the cases of *Fernández* v. *Ruiz Soler et al.,* 27 P.R.R. 74, *Santiago* v. *Cabán,* 23 P.R.R. 472, *Delanoy* v. *Blondet,* 22 P.R.R. 217, and *Horton et al.* v. *Robert,* 11 P.R.R. 168, all of which uphold the doctrine that where the complaint is verified, the denials contained in the answer must be specific, and if they are not and no new facts constituting a defense are alleged, the facts averred in the complaint shall be taken as true, and a judgment on the pleadings may be rendered on motion.

"The defendant objected:

" '1.     *     *     *     *     *     *     *

" '2. Because, even if that were not so, the special defenses set up by the defendant controvert the allegations of the complaint; and

" '3. Because, even admitting that it was not so, the plaintiff has lost his rights (*a*) for failure to present a motion for a judgment on the pleadings, and (*b*) because he offered evidence tending to support those allegations which he now says were admitted.'

"The district court decided against the plaintiff the question raised; and correctly so, in our opinion.

"In the first place, the motion came too late. In the case of *Ana María Sugar Co.* v. *Castro et al.,* 28 P.R.R. 225, 243, this court said:

" '  .   .   .   . The appellant also maintains that the court should have rendered judgment on the pleadings. In the first place we are of the opinion that a motion for judgment on the pleadings should be made before the case is called for trial for similar principles that are contained in *People* v. *Parás,* 25 P.R.R. 104. It is to be presumed that if the complainant goes to trial without raising a question of the sufficiency of the answer, either by such a motion or by

a motion to strike, he is satisfied with the issues raised. In the interests of justice such a motion should not come as a surprise at the trial.'

"In the second place, the defendant, in his answer, did not confine himself to the denial referred to. He set up twelve special defenses which we have examined, and we agree with the trial court that they constitute a sufficient denial of and opposition to all the facts alleged in the complaint, the defect being thereby cured. In the case of *Fajardo* v. *American Railroad Company*, 27 P.R.R. 559, 562, this court held:

" 'Although the defendant denied generally the second count of the first cause of action, yet, as it set up matter which is a complete denial of all the particulars contained therein, the allegations were thereby specifically denied, for the averments in an answer contrary to the allegations of the complaint are equivalent to a denial; therefore the lower court did not commit the error assigned.' "

The same then was also upheld in *Santana* v. *Orcasitas*, 47 P.R.R. 695, as follows:

"The defect in literally denying particular allegations of a verified complaint is cured where the defendant does not limit himself to such denial but also sets up defenses that constitute a sufficient denial of an opposition to the facts stated in said allegations."

See also *Tevis* v. *Hicks*, 41 Cal. 123 and *Fitzgerald* v. *Neustadt*, 91 Cal. 600. There was hence no error in the district court, as alleged by the appellant in his first assignment.

Appellant's second error has no merit whatsoever, inasmuch as it alleges that the court held that the proof supported the new matter *(defensas especiales)* alleged by the defendant. In examining the opinion of the district court we can find no support for this. The only reference which the court makes to the proof of the parties is when it states as follows:

"From a consideration of the pleadings from the parties and after minutely considering the documentary and parol evidence submitted by them and weighing the testimony of the witnesses in connection with the documentary evidence introduced by both parties which has been viewed from every angle, the court has reached the conclusion that the plaintiff has failed to prove satisfactorily his case and therefore that his complaint must be dismissed."

From this it can be seen that the court did not hold that the new matter was proved by the defendant, but on the contrary held that the complainant had not proven his case.

Furthermore, we agree with the appellee that the assignment of errors was insufficient.

The judgment appealed from will be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.