RAFAEL DÁVILA DÍAZ, demandante y apelante, *v.* RAIMUNDO BALET PUIG, sustituído por GLORIA FUXÁ y RAIMUNDO y PEDRO BALET FUXÁ, demandados y apelados.

Núm. 7464.—*Sometido:* Febrero 24, 1938. *Resuelto:* Julio 13, 1938.

*A. L. López*, abogado del apelante; *José C. Rivera Morales*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Por escritura otorgada en Caguas el 28 de diciembre de 1927, y por la suma de $2,100 que en ella se hacía constar, Rafael Dávila Díaz, demandante en el pleito que está ante nos, cedió a Raimundo Balet Puig dos créditos hipotecarios cedidos a Díaz, en que los deudores hipotecarios eran Jesús Dávila y su esposa. El demandante hacía constar en dicha escritura que había recibido la mencionada suma con anterioridad al otorgamiento de la misma.

El demandante continuó alegando que a pesar de haberse hecho constar que había recibido la ameritada suma, en realidad ello nunca sucedió así; que él y su hermano Emilio Dávila, en el año 1927–28, sembraron tabaco en Vega Alta, y que la sociedad de Balet y Recondo de dicho pueblo convino verbalmente en conceder al demandante y a su hermano un crédito refaccionario sobre dicho tabaco; que Raimundo Balet era para aquel entonces uno de los gestores de dicha sociedad y exigió garantía para el préstamo refaccionario arriba mencionado; que Raimundo Balet convino en otorgar dicho préstamo refaccionario con la garantía de los antes mencionados créditos hipotecarios, y para cumplir con este convenio dichos créditos hipotecarios fueron cedidos al Sr. Balet por valor recibido; que se hizo la liquidación final de dicho crédito refaccionario y la misma demostraba un saldo a favor de los hermanos Dávila; que con la misma garantía dicha sociedad hizo otro préstamo refaccionario a los hermanos Dávila en el año 1928–29; que el referido tabaco fué entregado a dicha sociedad y vendido por ésta sin consentimiento de los hermanos Dávila; que luego de venderse el tabaco la sociedad mandó a los hermanos una cuenta que mostraba un saldo contra ellos, pero que la cuenta no fué aceptada por los hermanos; que el demandante no adeudaba al demandado suma alguna y que sin la debida liquidación de la cuenta para el préstamo refaccionario de 1928–29, dicho demandado ejecutó los dos créditos hipotecarios e hizo que la propiedad hipotecada le fuese adjudicada; que en dicha adjudicación el demandado redujo la suma de los créditos hipotecarios; que los deudores hipotecarios, Jesús Dávila y su esposa, nunca habían efectuado pago alguno para abonar al capital o los intereses de dichos créditos, y que cuando dicho demandado alegó que su crédito ascendía a $1,350 en vez de $2,100, él hizo tal alegación bajo el supuesto de que el demandante era su deudor, cosa que no era cierto.

El demandado aceptó las alegaciones de la demanda, excepto en tanto las mismas se referían al hecho de que el

precio de las cesiones no le había sido entregado. También negó todas las alegaciones de la demanda relativas a los préstamos refaccionarios. Como defensa especial adujo que el demandante le cogió prestados a él, Raimundo Balet, diversas sumas de dinero, y que allá para fines del año 1927, el demandante adeudaba al demandado $1,800, y que al liquidar sus cuentas, ellos convinieron en la cesión de los dos créditos hipotecarios en pago de dicha suma; que el saldo del importe de los créditos hipotecarios, o sea la suma de $300, fué entregado por el demandado al demandante el mismo día que se otorgó la escritura de cesión en Caguas y antes de firmarse la misma; que la propiedad objeto de los créditos hipotecarios estaba sujeta a otro crédito hipotecario que fué ejecutado y que la propiedad fué adjudicada a Buibal & Matanzo, quienes luego la vendieron a Marcos Reyes Vergara; que este último hizo ciertos pagos a Raimundo Balet para que se le abonaran al crédito hipotecario que le había sido cedido por el demandante; que él aplicó dichos pagos al primer crédito hipotecario; que la cesión de los créditos hipotecarios a Raimundo Balet fué hecha por el demandante con el único fin de conservar su crédito personal con el primero; que la sociedad de Balet y Recondo nada tenía que ver con la cesión de los créditos hipotecarios celebrada entre el demandante y Raimundo Balet.

El demandante declaró ante la corte de distrito más o menos sosteniendo sus alegaciones. El demandado también así lo hizo. La corte de distrito en su opinión declaró que el demandante no había probado satisfactoriamente su caso y desestimó por ende la demanda. El demandado original, Raimundo Balet Puig, falleció el 1 de marzo de 1936, y su sucesión, compuesta de su viuda Gloria Fuxá y de sus menores hijos Raimundo y Pedro Balet Fuxá, fué sustituída como parte demandada por orden de la corte de distrito. El demandante apeló de la resolución de la corte de distrito y señala dos errores, a saber:

1. Que la corte de distrito cometió error al no resolver que la contestación admitía todas las alegaciones esenciales de la demanda, y

2. Que la corte de distrito cometió error al estimar que la prueba sostenía las defensas especiales alegadas por el demandado.

Para sostener su primer señalamiento, el apelante alegó que el demandado, en su contestación, usó negaciones que envolvían afirmaciones (*negative pregnants*) para negar las aseveraciones de la demanda, admitiéndolas en su consecuencia. Aceptando como un hecho, meramente para los fines de la discusión de este error, que la contestación del demandado contenía en realidad negaciones que envolvían afirmaciones, hallamos, sin embargo, que dicha contestación también contenía materia nueva, que se alegó a manera de defensas especiales contra la demanda.

En un caso algo similar al presente—*Berríos* v. *Garáu*, 46 D.P.R. 799, 802—este tribunal dijo lo siguiente:

". . . El demandante pidió a la corte que dictara una sentencia en su favor invocando los artículos 110 y 113 del Código de Enjuiciamiento Civil y los casos de *Horton et al.* v. *Robert,* 11 D.P.R. 176, *Delanoy* v. *Blondet,* 22 D.P.R. 236, *Fernández* v. *Ruiz Soler,* 27 D.P.R. 80 y *Santiago* v. *Cabán,* 23 D.P.R. 509, en los cuales se sostiene la doctrina de que cuando la demanda es jurada, las negaciones contenidas en la contestación deben ser específicas y si no lo son y si no se alegan nuevos hechos constitutivos de defensa, se considerarán aceptados los hechos alegados en la demanda y podrá dictarse una sentencia sobre las alegaciones si así se solicita.

"Se opuso el demandado:

" " "   .   .   .   .   .   .   .   .   .   .

" ' '2do. Porque de no serlo así, las defensas especiales alegadas por el demandado controvierten las alegaciones de la demanda; y

" ' '3ro. Porque aun aceptando que no fuera así, el demandante ha perdido sus derechos (*a*) por no haber presentado moción para sentencia por las alegaciones y (*b*) porque presentó prueba para tratar de sostener esas alegaciones que ahora dice fueron admitidas.''

"La corte de distrito resolvió la cuestión levantada en contra del demandante, con razón a nuestro juicio.

"En primer lugar la cuestión se suscitó demasiado tarde. En el caso de *Ana María Sugar Co.* v. *Castro et al.,* 28 D.P.R. 241, 260, dijo esta Corte:

" 'Sostiene también la apelante que la corte debió haber dictado sentencia sobre las alegaciones. En primer lugar somos de opinión de que una moción para que se dicte sentencia basada en las alegaciones debe hacerse antes de que se llame el caso a juicio, por los mismos principios discutidos en el caso de *El Pueblo* v. *París,* 25 D.P.R. 111. Debe presumirse que si el demandante va a juicio sin promover la cuestión de la suficiencia de la contestación, ya mediante tal moción o por moción para eliminar, él está conforme con las cuestiones como han sido alegadas. Tal moción, en beneficio de la justicia, no debe hacerse a manera de sorpresa en el juicio.'

"Y en segundo lugar en su contestación el demandado no se limitó a la negativa de referencia. Levantó doce defensas especiales que hemos examinado y que estamos de acuerdo con la corte sentenciadora en que constituyen una suficiente negación de y oposición a los hechos todos de la demanda, quedando así subsanado el defecto. En el caso de *Fajardo* v. *American Railroad Company,* 27 D.P.R. 608, 610, resolvió esta corte:

" 'Aunque el demandado negó de una manera general el hecho segundo de la primera causa de acción, sin embargo, como alegó en contrario materia que es una oposición completa a todos los extremos consignados en dicha alegación, resultó de este modo negada · específicamente dicha alegación ya que las afirmaciones en una contestación contraria a lo que afirma la demanda equivalen a una negación de ésta y, por tanto, la corte inferior no cometió el error que se le atribuye. (Citas.)' "

La misma idea fué sostenida en el caso de *Santana* v. *Orcasitas,* 47 D.P.R. 735, en la siguiente forma:

"El defecto al negar la verdad literal de alegaciones contenidas en una demanda jurada queda subsanado cuando el demandado no se limita a la negativa de referencia sino que alega defensas que constituyen una suficiente negación de, y oposición a los hechos contenidos en esas alegaciones."

Véanse también *Tevis* v. *Hicks,* 41 Cal. 123 y *Fitzgerald* v. *Neustadt,* 91 Cal. 600. En su consecuencia, la corte de dis-

trito no cometió error, según alega el apelante en su primer señalamiento.

El segundo señalamiento hecho por el apelante carece en absoluto de mérito, toda vez que en él se alega que la corte estimó que la prueba sostenía las defensas especiales aducidas por el demandado. Al examinar la opinión de la corte de distrito no podemos hallar sostén para tal aseveración. La única referencia que la corte hace a la prueba aducida por las partes se encuentra al decir ésta lo siguiente:

"Examinadas las alegaciones de las partes y considerada minuciosamente la evidencia documental ofrecida por cada una de ellas, así como considerada la testifical aportada por ambas; ponderada ésta en relación con la documental y juzgada de acuerdo con las modalidades que revistió la testifical ofrecida por el demandante y el demandado, la corte ha llegado a la opinión de que el demandante no ha probado satisfactoriamente su caso y de que, por consiguiente, su demanda debe ser declarada sin lugar..."

De lo anterior puede verse que la corte no resolvió que la materia nueva fué probada por el demandado, sino que por el contrario resolvió que el demandante no había probado su caso.

Además, convenimos con el apelado en que el señalamiento es insuficiente.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor De Jesús no intervino.